UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JORGE DOMINGUEZ-TORRES,

        Plaintiff,

v.                                    Case No.   18-cv-1322-bhl

KASIA CZAJKOWSKA-TOMCZAK,

        Defendant.

---

## DECISION AND ORDER

---

This case was scheduled for trial to begin July 19, 2021, on a single claim against defendant Kasia Czajkowska-Tomczak. The Court earlier granted summary judgment for all other defendants on all other claims and denied Czajkowska-Tomczak's motion to reconsider that ruling. Dkt. Nos. 63 & 74. The only remaining issue is whether Czajkowska-Tomczak was deliberately indifferent to Plaintiff Jorge Dominguez-Torres's severe medical issue on June 28, 2013.

Ahead of the trial, the Court held a final pretrial conference, during which the Court ruled on the parties' motions *in limine*. Dkt. No. 99. Among other requests, the Court granted Czajkowska-Tomczak's motion to exclude hearsay evidence. *Id.* at 1. Specifically, the Court ordered that Dominguez-Torres could not testify about what an unknown officer allegedly said to him on June 28, 2013 concerning the contents of a phone conversation the officer had with a nurse in the Health Services Unit (HSU). *Id.* at 2. Following that ruling, counsel for Czajkowska-Tomczak suggested there was no longer a basis for a trial because Dominguez-Torres had no admissible evidence showing Czajkowska-Tomczak was aware of and deliberately indifferent to his health concern on June 28, 2013. The Court set a telephone status conference for July 12, 2021

to discuss whether there was a factual basis for the claim and whether trial was needed to resolve it.

The evidence presented in support of summary judgment shows that on June 28, 2013, Dominguez-Torres returned to the prison from a medical appointment at which he had a catheter inserted. Dkt. No. 56 at 3. That procedure left him in significant pain, so he asked officers at the prison to contact the HSU. *Id.* Dominguez-Torres alleged in his complaint and reiterated in his proposed facts in support of his motion for summary judgment that intake officers at the prison called the HSU "and asked Nurse 'Kashia' if she could see me, but she refused." *Id.* (quoting Dkt. No. 45 at ¶2). He further asserted that he "[wa]s aware" that Czajkowska-Tomczak would have left the intake office to work in the HSU after 5:30 p.m. on June 28, 2013, so she is the nurse who would have fielded any phone calls in the HSU that evening. *Id.* (citing Dkt. No. 44 at 2.) Czajkowska-Tomczak swore in an affidavit in support of the defendants' motion for summary judgment that she was working as an intake nurse and not in the HSU in the evening on June 28, 2013. Based on her sworn testimony, Czajkowska-Tomczak did not receive any phone call from an officer about Dominguez-Torres's request to be seen and was not aware of plaintiff's health concern that day. *Id.* at 4; Dkt. No. 42.

Section 1983 requires that a defendant be personally involved in an alleged deprivation to be liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff's claim that Czajkowska-Tomczak was the HSU nurse who received the phone call but refused to see Dominguez-Torres on June 28, 2013 is supported only by plaintiff's assertion that an officer told him "Nurse Kashia" refused to see him and his claim that he was somehow "aware" that Czajkowska-Tomczak "would have been" working in the HSU by 5:30 p.m. The out-of-court assertions from the officer who called the HSU, and the details of his phone conversation, are inadmissible hearsay. The Court excluded that information from being presented at trial. Dkt. No. 99. The only remaining evidence

that Czajkowska-Tomczak was the HSU nurse on the other end of the phone call is Dominguez-Torres's unsupported belief that it was her. His unsupported speculation that Czajkowska-Tomczak was working in the HSU at 5:30 p.m. on June 28, 2013, a matter on which he lacks personal knowledge, does not create a genuine dispute of fact that may defeat summary judgment. *See Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (citing Fed. R. Civ. P. 56(e) (now Rule 56(c)(4)) and Fed. R. Evid. 602). Because there is no admissible evidence in the record showing that Czajkowska-Tomczak was working in the HSU at 5:30 p.m. on June 28, 2013, and there is credible evidence that she was *not* working in the HSU at that time and day (her affidavit), there is no genuine dispute of fact whether she was deliberately indifferent to Dominguez-Torres's health issue on June 28, 2013.[1]

Accordingly, as discussed during the July 12, 2021 status conference, the Court **RECONSIDERS** its prior ruling denying summary judgment for defendant Czajkowska-Tomczak. *See Sanders v. Collins*, 162 F. App'x 613, 615 (7th Cir. 2006) (finding no error in district court's *sua sponte* reconsideration of earlier denial of defendant's motion for summary judgment). On reconsideration, Czajkowska-Tomczak's motion for summary judgment is **GRANTED**, and this case is dismissed. The Clerk will enter judgment accordingly. The trial scheduled for July 19, 2021, is **CANCELLED**.

Dated at Milwaukee, Wisconsin this 13th day of July, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] Counsel for Czajkowska-Tomczak also asserted during the July 12, 2021 status conference that additional information obtained since summary judgment showed a different nurse, not Czajkowska-Tomczak, worked in the HSU during the evening of June 28, 2013.